No. 3145.—LEHMAN, NEWGASS & Co. *v.* Mrs. E. E. BARROW and Husband.

A written agreement by which the wife separated in property from her husband is to become the purchaser of property seized under judgments against her husband and to execute her notes to the respective judgment creditors for the amounts due, is admissible in evidence on the trial of a suit to enforce payment of the notes or note thus given by the wife. Parol evidence is also admissible to show the circumstances and manner of completing the agreement, as set forth in the written instrument.

The wife, separated in property from her husband, has the right to become the purchaser of his property under seizure at a price sufficient to cover the judgment against him, and the note given by her, with the authorization of her husband to sign it, in payment for the price, is binding upon her, notwithstanding it went to the payment of the debts of the husband.

The husband is not bound on a note which he has signed only for the purpose of authorizing his wife to make and sign it, even though it be a joint and several obligation. The words, "we jointly and severally promise," are qualified and restricted by the word "authorizing," placed before the signature of the husband to the note.

APPEAL from the Seventh District Court, parish of West Feliciana. *Miller*, J. *Thomas Butlar*, for plaintiffs and appellees. *Collins & Leake*, for defendants and appellants.

HOWELL, J. The plaintiffs ask judgment against the defendants *in solido*, with a recognition of mortgage upon the following note:

"WEST FELICIANA, La., July 7, 1866.

One day after date, for value received, we jointly and severally promise to pay Hilliard B. Barrow the sum of ten thousand two hundred and eighteen dollars and nineteen cents with interest thereon at the rate of five per cent. per annum from date until paid, payable and negotiable at the —— ELEANOR E. BARROW.

Authorizing, JOHN J. BARROW."

The note is identified with an act of mortgage of same date and has on it a credit of $500.

Mrs. Barrow answers that said note and mortgage were executed for a debt of her husband in favor of said H. B. Barrow, being the amount due by him as tutor of the latter, of which the sum of $8133 35 was for the price and hire of slaves.

24

The husband, John J. Barrow, answers that he signed the note only for the purpose of authorizing his wife, as was well understood by the payee, and that the consideration was as stated by his wife.

Judgment was rendered against the defendants *in solido* and they appealed.

In 1861 John J. Barrow filed accounts of tutorship showing balances due the minors, Mrs. A. R. Barrow, wife of W. H. Richardson, for $7083 16, Hilliard B. Barrow $10,493 19 and Emily R. Barrow $10,-344 69. These accounts were homologated in December, 1865. In 1866 Mrs. Richardson and H. B. Barrow issued *fi. fas.* on their judgments and on the seventh July, 1866, the entire property, real and personal, of John J. Barrow, the tutor, was sold at sheriff's sale and Mrs. E. E. Barrow, his wife, separated in property, purchased it at its appraisement, $13,735, as shown by the sheriff's return. On the same day she gave her notes secured by mortgage on said real property to Mrs. Richardson, H. B. Barrow and J. J. Barrow, tutor of E. R. Barrow, for the sums due them respectively by the said tutor and amounting to $27,646 04, payable one day after date, J. J. Barrow, the husband, authorizing the execution of the mortgage and signing the notes, as shown above.

To show that the note sued on, being one of the three so given and acquired after maturity, was made for the separate interest of Mrs. E. E. Barrow, the plaintiffs introduced in evidence the following document:

"State of Louisiana, parish of West Feliciana—Articles of agreement entered into, made and concluded on this the —— day of ——, A. D. one thousand eight hundred and sixty-six, between Mrs. Amanda R. Barrow, wife of Wade H. Richardson, herein duly aided, assisted and authorized by her said husband, Wade H. Richardson, and Hilliard B. Barrow of the first part and Mrs. Eleanor Barrow, wife of John J. Barrow, duly and legally separate in property from her said husband and also duly aided, assisted and authorized by him to make this agreement, party of the second part as follows to wit: Now it is understood and agreed between the said parties that, as the said Amanda R. Barrow and Hilliard B. Barrow of the first part have a judgment against the said John J. Barrow who was their tutor during their minority, as will appear from the records of the Seventh Judicial District Court in the parish of West Feliciana, each respectively for the following amounts of money, to wit: Mrs. Amanda Barrow for the sum of seven thousand and eighty-three dollars, with five per cent. per annum interest thereon from seventh day of May, 1866, and Hilliard B. Barrow for the sum of ten thousand two hundred and eighteen dollars and nineteen cents, with five per cent. per annum interest from —— day of ——, which said judgment operates and carries with it

a tacit mortgage upon all the property of the said tutor, John J. Barrow: Now the parties of the first part, as aforesaid, agree with the party of the second part that the said Mrs. Eleanor Barrow, wife of John J. Barrow, separate in property as aforesaid, and herein duly aided and authorized by her said husband to enter into this agreement, shall become the purchaser of the property seized and now in the possession of the sheriff by virtue of a writ of *fieri facias* issued at the instance of Hilliard B. Barrow and Amanda Barrow, aided and authorized, as aforesaid, by her husband, Wade H. Richardson, and by her bidding the full amount due the said Hilliard B. Barrow and Amanda Barrow and Miss Emily R. Barrow from the said John J. Barrow, tutor as aforesaid, and that the said Eleanor Barrow, purchasing as aforesaid, shall then and there execute a mortgage in favor of the said Hilliard B. Barrow, Amanda Barrow and Miss Emily R. Barrow, being and to be the first mortgage upon all of the property of the said Mrs. Eleanor Barrow for the full and entire amount and sum of the indebtedness of the said John J. Barrow, tutor, to the said Hilliard B., Amanda and Emily R. Barrow, which said mortgage is to have the full force and effect of and import a confession of judgment, as if rendered in any court of competent jurisdiction, the said Mrs. Eleanor Barrow, aided and authorized as aforesaid, executing her several notes, due and payable one day after date to the order of the parties of the first part, each respectively for the amounts due them from John J. Barrow, said notes to be executed and properly identified with said act of mortgage.

ELEANOR E. BARROW.
Authorizing, JOHN J. BARROW.
H. B. BARROW.
AMANDA R. RICHARDSON.
W. H. RICHARDSON."

Witness: W. W. LEAKE.

To this document and the testimony of several witnesses in connection with it, the defendants excepted on the grounds that they were not admissible to contradict or explain the sheriff's transfer and return on the writs in the case of H. B. Barrow and Mrs. A. R. Richardson and Husband *v.* John J. Barrow, and to show that, besides the price stipulated in the act of sale to Mrs. E. E. Barrow, she was to pay another and further sum. The objections do not apply to the written instrument, which is the evidence of the contract between the parties, and the sale by the sheriff was a part of the mode or means of carrying out that agreement, and the parol evidence is in aid of the written, showing the circumstances and manner of completing the agreement between the parties. Besides, the giving of the notes and mortgage after the sheriff's adjudication warrants the admission of the instrument and the oral evidence to show how the apparent discrepancy

occurred, and good faith on the part of the purchaser forbids the exclusion of such proof. The evidence was properly admitted. The authorities cited by defendants do not apply.

It is manifest that the parties intended that Mrs. Eleanor E. Barrow should become the purchaser of her husband's property under seizure, at a price sufficient to pay the debt for which it was to be sold, and the evidence is clear that she did so—an act perfectly legal. It is shown that, had she not thus purchased the property, the plaintiffs in the execution would have themselves become the purchasers. The note sued on was therefore given for a valid legal consideration, the price of the property purchased by her, and not simply for the debt of her husband as alleged. The fact that the price was appropriated to the payment of her husband's debt does not affect her obligation to pay it.

We think, however, the husband is not bound on the note. He seems to have been careful to explain the capacity in which he signed the note, and there is nothing in the written agreement between the parties and the two notarial transfers of the note in suit from the payee to one A. Levy; and from the latter to plaintiffs, to show that he was held liable. On the contrary, they indicate that Mrs. Barrow alone was to pay the price. The transfers above alluded to describe the note as "made by Eleanor E. Barrow, and authorized by her husband, John J. Barrow." The words, "we jointly and severally promise," are controlled by the restricted signature of John J. Barrow, and the title of plaintiffs confirms this restriction.

This view of the case renders it unnecessary to inquire into the character of the debt due by the tutor to his wards. The consideration of the note sued on, being a part of the price of the property purchased by the maker, is valid and legal, and she has no interest to inquire into the validity of the debt for which said property was sold.

It is therefore ordered that the judgment, as against John J. Barrow, be reversed, and that there be a judgment in his favor against plaintiffs, and that in other respects the judgment appealed from be affirmed, with costs.